UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>-v-<br><br>THE HOTCHKISS SCHOOL,<br><br>    Defendant. | CIVIL ACTION NO.<br>3:22-cv-01088 (VAB) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO SEAL**

  Pursuant to Local Rule of Civil Procedure 5(e)3 and 5(e)4(a), Plaintiff John Doe ("Plaintiff" or "Doe") respectfully submits this memorandum of law in support of his motion to seal his unredacted opposition to defendant The Hotchkiss School's ("Defendant" or "Hotchkiss") motion to dismiss the Amended Complaint. An Order sealing the foregoing document is supported by, and narrowly tailored to serve, clear and compelling reasons. *See* L. Civ. R. 5(e)1(a); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120-22 (2d Cir. 2006). Plaintiff therefore respectfully requests that the Court grant this motion and order such further relief as it deems just and proper. Plaintiff has conferred with Defendant, which does not oppose this motion.

**FACTUAL BACKGROUND**

  This action arises from the child sexual abuse that Doe suffered as a student at Hotchkiss. This action also concerns whether Hotchkiss breached the parties' prior settlement agreement, which includes two explicitly confidential terms: Doe's name and identity, and the amount of the settlement payment.

This Court has previously recognized the need to insulate information that reveals or tends to reveal Doe's identity or the settlement amount. Throughout Doe's prior litigation against Hotchkiss (the "2015 Action"), the Court permitted him to proceed under the pseudonym "John Doe" to protect his true identity. *See John Doe v. The Hotchkiss School*, Civil Action No. 3:15-cv-00160 (VAB), DE 21 (Order Granting Doe's Motion to Proceed in Fictitious Name). The Court ordered this protection for Doe because "(1) the litigation involves the sexual abuse of the plaintiff when he was a minor, matters that are of a highly sensitive and of a personal nature; (2) identification of the plaintiff poses the risk of retaliatory mental harm to him and to his parents and other innocent non-parties; (3) the injury litigated against – Plaintiff's life- long mental and emotional suffering, shame, and humiliation – would be exacerbated and further inflicted if his identity were disclosed; (4) because of the harm inflicted on the plaintiff, he is particularly vulnerable to the possible harms of disclosure; (5) the suit is challenging the actions of a private party, not actions of the government that may impact and be of direct personal interest to many members of the public; (6) the defendant is not prejudiced by allowing the plaintiff to press his claims anonymously; (7) the plaintiff's identity has thus far been kept confidential; (8) the public's interest in the litigation is not furthered by identifying the specific child who was molested; it is the fact that the victim was a child that matters; and (10) there are no alternative mechanisms for protecting the confidentiality of the plaintiff." *Id.*

Likewise, the Court consistently granted both parties' motions to seal confidential information in the 2015 Action, including by Orders dated May 3, 2018, August 23, 2018, September 5, 2018, September 13, 2018, January 16, 2020, March 19, 2020, April 30, 2020, June 5, 2020, June 19, 2020, and June 24, 2020. *See* 2015 Action, at DE 173, 231, 234, 240, 344, 365, 393, 398, 404, 408.

In this action, the Court granted Plaintiff's motion to seal his initial Complaint and the settlement agreement attached as an exhibit thereto on October 25, 2022 (s*ee* DE 40), as well as his Amended Complaint and the settlement agreement attached as an exhibit thereto on September 15, 2023.  *See* DE 61.  The Court also granted Hotchkiss's motion to seal its motion to dismiss on November 1, 2023.  *See* DE 65.

On November 21, 2023, Plaintiff's counsel conferred with Hotchkiss' counsel, who indicated that Hotchkiss does not oppose this motion.

## ARGUMENT

### A.     Legal Standard.

Under the Local Rules of this Court, "[n]o judicial document shall be filed under seal, except upon entry of an order of the Court either acting *sua sponte* or specifically granting a request to seal that document."  L. Civ. R. 5(e)(3).  "Any such order sealing a judicial document shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons."  *Id*.

To file a document under seal, a party must make a particularized showing of good cause for why the Court should depart from the strong presumption against sealing court records from public inspection.  *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597-99 (1978); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120-22 (2d Cir. 2006). Though public and the press have a "qualified First Amendment right . . . to access certain judicial documents," *Lugosch*, 435 F.3d at 120 (citation omitted), the Court may order certain records to be sealed upon a showing of compelling circumstances, *id*. at 123.

### B. Plaintiff's Opposition to Defendant's Motion to Dismiss the Amended Complaint Should Be Filed Under Seal.

Protecting a party's identifying information is a valid ground for maintaining confidentiality, especially where, as here, disclosure of such information implicates significant privacy considerations due to the highly sensitive and personal nature of the subject matter involved. *See, e.g.*, *Sealed Plaintiff v. Sealed Defendant,* 537 F. 3d 185, 189 (2d Cir. 2008). "Such interests, while not always fitting comfortably under the rubric 'privacy,' are a venerable common law exception to the presumption of access." *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995); *see also Crossman v. Astrue*, 714 F. Supp. 2d 284, 287 (D. Conn. 2009) ("[T]here can be (and often are) considerations of personal privacy, public safety, or a business's proprietary information, such as trade secrets or confidential research, that can trump the right of the public to access court records.").

While it is true that Doe's interest in anonymity and confidentiality must be balanced against the public's interest in disclosure, *see Sealed Plaintiff*, 537 F. 3d at 189, in allowing Doe to protect his identity by litigating under a pseudonym, this Court has already weighed those factors and found that Doe's anonymity here is paramount. *See* DE 40; 2015 Action, at DE 21; *see also id.*, at DE 344 (finding "good cause" to seal Doe's submissions in support of his Motion to Reopen); DE 365 (finding "good cause" to seal entirety of Defendant's submissions in support of the Motion). The personal privacy ramifications of the public airing of information – intended to be kept confidential – that discloses the identity and personal information of Doe and other sexual abuse victims is sufficient to overcome the presumption of access.

In addition, the unredacted opposition to Defendant's motion to dismiss the Amended Complaint refers to confidential information protected under the parties' settlement agreement, including terms that reveal or tend to reveal the identity of Doe or the amount of the settlement

4

payment.  Because this information is explicitly protected by agreement, it should remain protected here.  *See* 2015 Action, at DE 21, 173, 231, 234, 240, 344, 365, 393, 398, 404, 408.

Accordingly, Doe's unredacted opposition to Hotchkiss's motion to dismiss the Amended Complaint should be sealed.

## CONCLUSION

For all reasons stated, Plaintiff John Doe respectfully requests that the Court grant his Motion to Seal his unredacted opposition to Defendant's motion to dismiss the Amended Complaint, and order such further relief as it deems just and proper.

Dated:    November 21, 2023              **GLENN AGRE BERGMAN & FUENTES LLP**

By:    */s/ Jed I. Bergman*

Jed I. Bergman (admitted *pro hac vice*)
Tian "Skye" Gao (admitted *pro hac vice*)
Megan M. Reilly (admitted *pro hac vice*)
1185 Avenue of the Americas, 22nd Floor
New York, NY 10036
Telephone: (212) 970-1600
jbergman@glennagre.com
sgao@glennagre.com
mreilly@glennagre.com

-and-

**ZEISLER & ZEISLER, P.C.**

By:    */s/ Aaron A. Romney*
Aaron A. Romney (ct28144)
10 Middle Street
Bridgeport, CT 06604
Tel: (203) 368-4234
Fax: (203) 367-9678
aromney@zeislaw.com

*Counsel for Plaintiff John Doe*