**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JOHN DOE, | : | |
| | : | |
| Plaintiff, | : | |
| V. | : | |
| | : | CIVIL NO. 3:22-CV-01088 (VAB) |
| HOTCHKISS SCHOOL, | : | |
| | : | |
| Defendant. | : | DECEMBER 12, 2023 |

**DEFENDANT'S MOTION TO MODIFY**
**STANDING PROTECTIVE ORDER**

Defendant, The Hotchkiss School ("Hotchkiss" or the "School") hereby moves for a limited modification of the Standing Protective Order in this case to permit the disclosure of confidential information—including information that would reveal Mr. Doe's identity—to (1) limited attorneys at Ropes & Gray LLP (Hotchkiss' outside counsel), (2) Hotchkiss' insurance carriers that may potentially cover the claims at issue, and (3) one attorney at Covington Burling LLP who serves as Hotchkiss' insurance coverage counsel. Plaintiff does not consent to the granting of this Motion. Good cause exists to grant this Motion.

As background, the Court entered a Standing Protective Order on August 26, 2022 (the "Protective Order"). Doc. No. 11. The Protective Order restricts the disclosure of confidential information, including "information implicating an individual's legitimate expectation of privacy." *Id.*, ¶ 3. Plaintiff is proceeding under a pseudonym in this case and has treated certain identifying information as confidential, including allegations in the Amended Complaint. The Protective Order further provides that confidential information may be disclosed to the following categories of individuals:

- Parties, including directors, officers, and employees of parties who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in preparing for trial or settlement;

1

- Witnesses and prospective witnesses for the purposes of testimony or preparation of testimony in this case;
- Outside experts for the purpose of obtaining the expert's assistance in the litigation;
- Counsel of record and in-house counsel for parties and their associates, paralegals, and regularly employed office staff; and
- Other persons such as those providing copying, translation, or litigation support services.

*Id.*, ¶ 5 (a)-(e).  All parties, except counsel, must agree to be bound by the Protective Order by signing an acknowledgment page with the contents set forth in Exhibit A.  *Id.*, ¶ 7.  The Protective Order further provides that any party may apply to the Court for a modification of the order or to seek any other relief from the Court.  *See id.*, ¶ 19.  Hotchkiss moves to permit disclosure to a limited number of people / entities who are not listed in the Protective Order, but who are necessarily involved in the defense of this action.[1]

 <u>First</u>, Hotchkiss moves to modify the Protective Order to allow for disclosure of confidential information to four lawyers at Ropes & Gray LLP.  These attorneys at Ropes & Gray—James Dowden, Helen Gugel, Kendall Dacey, and Andrew Cashmore—are providing legal services to the School related to the defense of this action.  Although these four lawyers are currently participating in the action, additional attorneys, paralegals, and office employees may also be staffed on the matter in the future as reasonably necessary.  These attorneys and staff have a legitimate need to receive confidential information in order to properly advise the School as to its defense of this action.  For example, the attorneys intend to participate in strategy calls with Hotchkiss representatives and appearing counsel where confidential information may be discussed.  As another example, these attorneys will need to review unredacted pleadings and

---

[1] The Settlement Agreement at issue in this case also provides that Plaintiff's legal name and identity shall be maintained as "strictly confidential".  *See* Settlement Agreement, § 5.1.  This provision, however, allows for disclosure "as may be required by legal process or court order" and "as may be reasonably required to accountants, attorneys, insurers, reinsurers, … representatives, or employees of the Parties and their affiliates to the extent reasonably necessary to effect compliance with this Agreement."  *Id.*  Accordingly, the Court can authorize disclosure through modification of the Protective Order to attorneys and insurers consistent with the Settlement Agreement.

motions, which may also reveal confidential information such as Plaintiff's identity.  Notably, Ropes & Gray's role in this matter is similar to that of in-house counsel, which is already permitted to receive confidential information under Paragraph 5(d) of the Protective Order.  Disclosure would be limited to Attorneys Dowden, Gugel, Dacey, and Cashmore at this time.  Hotchkiss also requests that the Standing Protective Order be modified similar to the proviso for clients – namely, if other Ropes & Gray attorneys or staff have a legitimate need to receive the information and agree to be bound by the terms of the Protective Order, they should be allowed to receive confidential information.  This will relieve Hotchkiss of the need to come back to the Court every time a new lawyer or staff person joins the matter.

Second, Hotchkiss also moves to modify the Protective Order to allow disclosure of confidential information to its insurance carriers that have issued policies that may be implicated by the claims in this case.  These carriers have a legitimate need for confidential information, including information that may tend to reveal Plaintiff's identity.  In the Amended Complaint, the Plaintiff asserts various claims arising from multiple points in time, including purported breaches of a settlement agreement between 2020-2022, claims of misrepresentation during prior litigation between 2015-2020, and claims of abuse allegedly occurring decades ago.  The School's insurance carriers will need access to information in order to assess and evaluate coverage issues and Hotchkiss has a contractual duty to cooperate with its carriers' requests.  Disclosure would be limited to those employees of the insurance carriers who have a legitimate need for information and who agree to be bound by the Protective Order.

Third, Hotchkiss also moves to modify the Protective Order to allow for disclosure of confidential information to insurance coverage counsel at Covington & Burling LLP.  Specifically, Attorney Marialuisa Gallozzi of Covington & Burling serves as insurance coverage counsel for

matters involving the School, including the defense of the above-captioned action.  While she is presently the only attorney involved in this matter, additional attorneys, paralegals, and office personnel may be staffed on this matter in the future as reasonably necessary.  Similar to Ropes & Gray and the insurance carriers, Covington & Burling must have access to information in this case in order to effectively assess the claims and defenses, provide oversight of the litigation, and communicate with insurance carriers.  Disclosure will be limited to Attorney Gallozzi and other Covington & Burling attorneys, paralegals and staff who have a legitimate need for the information and who agree to be bound by the terms of the Protective Order.

In conclusion, Hotchkiss respectfully requests that the Court grant the Motion and modify Paragraph 5 of the Protective Order to add the following subsections (f) through (h):

f. *Outside counsel at Ropes & Gray LLP:*  Designated Material may be provided to attorneys James Dowden, Helen Gugel, Kendall Dacey, and Andrew Cashmore who are providing legal services to Hotchkiss related to the defense of the above-captioned action. Designated material may also be provided to other Ropes & Gray attorneys, paralegals, and office staff who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting appearing counsel in preparing the action for trial or settlement.  Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

g. *Insurance carriers:* Designated Material may be provided to representatives of insurance carriers of Hotchkiss that have issued policies that may be implicated by the claims in this case and have a legitimate need to see the information in evaluating coverage issues. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

h. *Outside counsel at Covington & Burling LLP:*  Designated Material may be provided to attorney Marialuisa Gallozzi of Covington & Burling who is providing legal services related to the defense of the above-captioned action.  Designated Material may also be provided to other Covington & Burling attorneys, paralegals, and office staff who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting appearing counsel in preparing the action for trial or settlement.  Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

**THE HOTCHKISS SCHOOL**

By: */s/ Jeffrey J. White*
    Jeffrey J. White (ct25781)
    Kathleen E. Dion (ct28605)
    Andrew A. DePeau (ct30051)
    Robinson & Cole LLP
    280 Trumbull Street
    Hartford, CT 06103-3597
    Tel. No.: (860) 275-8200
    Fax No.: (860) 275-8299
    *jwhite@rc.com; babbitt@rc.com;*
    *kdion@rc.com*

**<u>CERTIFICATION</u>**

I hereby certify that on December 12, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

 */s/ Jeffrey J. White*
Jeffrey J. White